IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY V. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv039-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Plaintiff Randy V. Williams applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1381c. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). After conducting two separate hearings, the ALJ also denied the claims. (Tr. 15-24). The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #9). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-four years old and had a tenth-grade education at the time of the hearing before the ALJ. Tr. 246. Plaintiff's past relevant work experience included work as a general laborer, forklift operator, and asbestos remover. Tr. 23, 267, 270. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 30, 2004 (Step 1). Tr. 17. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "thoracic/lumbar strain/low back pain." Tr. 17. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 17. Next, the ALJ found that Plaintiff retains the RFC to "perform light exertional work with occasional climbing, balancing, stooping, kneeling, crouching, crawling, and overheard reaching; and occasional proximity to vibration, moving mechanical parts, and working in high places . . . ." Tr. 18. Given this level of RFC, and after consulting with a vocational expert, the ALJ determined that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 23. The ALJ then found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 23. Specifically, the ALJ found that, considering the limitations on Plaintiff's ability to perform the full range of light work, Plaintiff is able to perform the occupational demands of "unskilled production assembler," "unskilled parking

attendant," and "sedentary surveillance monitor." Tr.24. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 24.

## IV. PLAINTIFF'S CLAIM

Plaintiff presents one issue for this Court's review - whether "the ALJ failed to formulate [Plaintiff's] RFC in accordance with Social Security Ruling 96-8p." Pl.'s Brief (Doc. #13) at 7.

## V. DISCUSSION

### A. The ALJ's formulation of Plaintiff's RFC.

Plaintiff claims that the ALJ "failed to formulate [Plaintiff's] RFC in accordance with Social Security Ruling 96-8p" because the ALJ gave "greater weight" to the findings of a consultative examiner whose opinion, purportedly, "fail[s] to provide *substantial support* for the ALJ's light RFC finding . . . ." P.'s Brief (Doc. #13) at 8 (emphasis in original). Specifically, Plaintiff claims that, while the ALJ found that Plaintiff can "maintain occupational postures 8 hours a day," the consultative examiner, Dr. Meadows, opined that Plaintiff "may only be able to maintain occupational posture for **6 hours a day**." *Id.* at n.8 (emphasis in original). Thus, Plaintiff contends, the ALJ was required, under SSR 96-8p, to demonstrate how he "considered and resolved" this purported inconsistency or ambiguity between the evidence and the given RFC. *Id.* Plaintiff claims that the ALJ's purported failure to do so requires reversal.

6

Defendant maintains that the ALJ's RFC formulation is supported by substantial evidence and complies with all "agency regulations and Eleventh Circuit case law . . . ." Def.'s Brief (Doc. #14) at 4. Moreover, Defendant asserts that Dr. Williams' opinion is consistent with the ALJ's findings and the definition of "light work" included in the guidelines. *Id.* at 5.

The Court first notes that Plaintiff's construction of Dr. Meadows's assessment is overly parsimonious, if not objectively incorrect. The form completed by Dr. Meadows requests that Dr. Meadows assess the "HOURS TOTAL PER 8-HR DAY" during which Plaintiff could be expected to stand, walk, or sit. Dr. Meadows indicated that Plaintiff could perform each of the three work-related activities for "2-3 h." Tr. 226. Thus, Plaintiff's position strikes the Court as disingenuous - Dr. Meadows can also fairly be said to have found that Plaintiff may be able to "maintain occupational postures" for nine hours in an eight-hour work day. While ideally Dr. Meadows would have indicated a specific duration for each activity which, in the aggregate, amounts to eight hours, it is most prudent to find, as did the ALJ, that Dr. Meadows believes Plaintiff can perform each of the activities for equal amounts of time - though no longer than three hours for any given activity - in an eight-hour day. Thus, in comparing the evidence relied upon by the ALJ and his ultimate RFC determination, the Court discerns no tangible inconsistency or ambiguity deserving of the import attributed by Plaintiff.

Moreover, it is apparent that Dr. Meadows's opinion and, by extension, that of the

ALJ, is consistent with the definition of "light work" set forth in the regulations. Social Security Ruling 83-10 states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10. Because Dr. Meadows indicated his belief that Plaintiff can stand or walk for up to a combined six hours in an eight hour workday, with intermittent sitting satisfying the remaining hours, Tr. 226, Dr. Meadows' opinion is consistent with both the definition of "the full range of light work" and, even more so, the ALJ's finding that Plaintiff can perform "light exertional work" with some limitations. Tr. 18.[5]

Given all of the above, the Court finds that there are no significant or "material inconsistencies" between the evidence of Plaintiff's RFC and the ALJ's ultimate formulation of RFC. Relying upon the available evidence in the record, the ALJ properly described Plaintiff's RFC in terms of his maximum ability to perform basic work activities, Tr. 18, 270-71, and the ALJ's decision is supported by substantial evidence in the record. . Accordingly, Plaintiff's claim that the ALJ failed to comply with SSR 96-8p is without merit.

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

---

[5] *See* SSR 96-8p ("RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*.") (emphasis in original).

DONE this 11th day of January, 2010.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE